D. C. PEARSON v. R. BARRINGER.

*Arbitration and Award—Exceptions.*

1. An award, under a reference, "to establish and declare the line in dispute between the parties," should not be set aside because it awarded that a portion of the land claimed by one should be added to that claimed by the other party, the effect of the award being to establish and fix the disputed line.

2. One who seeks to impeach an award because one of the arbitrators was interested in the controversy, which fact was unknown at the time of his selection, must make his objection as soon as he discovers the disqualifying facts.

This was a CIVIL ACTION, tried by *Bynum, J.*, at Fall Term, 1891, of the Superior Court of BURKE County.

This cause was referred at Fall Term under the following order:

"This cause is, by consent, referred to B. F. Davis and L. A. Bristol as arbitrators (with power in them to call in an umpire who shall decide in case they disagree), to declare and establish the line in dispute between the plaintiff and the defendant, dividing the lot known as the McKesson from that known as the Chunn property; the right of the defendant (if any) to have the lane between the said lots kept open, and the amount of damages, if any, which either is entitled to recover of the other, their award when filed and confirmed to be a rule of this Court and final, and a settlement of all claims and disputes as regards said lots."

And thereupon, the said Davis, Bristol and Brittain having made report, the defendant, at Fall Term, 1890, filed exceptions thereto, which were overruled, and gave judgment according to the report, and defendant appealed.

*Mr. S. J. Ervin*, for plaintiff.
*Mr. John Devereux, Jr.*, for defendant.

SHEPHERD, J.: Only two reasons for setting aside the award were insisted upon on the argument before us.

(1). The first is, that the arbitrators exceeded their authority, in that they undertook to take five feet from the defendant's land and "add" it to that of the plaintiff: whereas, they were only authorized "to declare and establish the line in dispute between the plaintiff and the defendant," etc.

We do not think that the award is susceptible of the construction that the arbitrators assumed to try the title or to divest the estate of one part and put it in the other. Very clearly the authority to declare and establish the line in dispute necessarily implied the right to so fix the line that one of the parties would get less land than he claimed.

The award upon this point is as follows: "We find that the line between Pearson and Barringer shall be five feet from the present fence, as it now stands, clear through from King to College streets, to come off Barringer's lots, Nos. 42 and 51, and added to Nos. 41 and 52, Pearson's lots." The Court is entirely satisfied that the use of the words "come off" and "added to," was simply for the purpose of describing the line as established by the arbitrators, and that in no sense can it be understood as an assumption of authority on their part to arbitrarily take land from one party and give it to the other.

(2). It is earnestly insisted that the award should be set aside because Bristol, the arbitrator chosen by the plaintiff, was a surety on the prosecution bond, and therefore an interested party.

It is well settled, that parties "knowing the facts, may submit their differences to any person, whether he is interested in the matters involved (*Navigation Co.* v. *Fenton*, 4 W. & S. [Pa.], 205), or is related to one of the parties, and the award will be binding upon them." (6 Wait's Act. & Def., 519; Morse on Arbitration, (105). But if the submission be made in ignorance of such incompetency, the award may be avoided. No relief, however, will be granted unless objection is made as soon as the aggrieved party becomes aware of the facts, and if after the submission he acquires such knowledge and permits the award to be made without objection, it is treated as a waiver and the award will not be disturbed. *Davis* v. *Forshee*, 34 Ala., 107. "A party," says Morse on Abitration (*supra*), "will not be allowed to lie by

after he has attained the knowledge and proceed with the
hearing without objection, thereby accumulating expense
and taking his chance of a decision in his favor, and then,
at a later stage, or after a decision has been or seems likely
to be rendered against him, for the first time produce and
urge his objection." From these and other authorities, it
would seem clear that when one seeks to impeach an award,
he must show that he made objection as soon as he discovered
the disqualifying facts. The affidavit of the defendant in this
case does not show this. It simply states that such facts
were unknown to him "at the time said Bristol was appointed
as arbitrator," but it does not negative the existence of such
knowledge in time to object before the making of the award.
We think this was necessary, and in its absence we must
decline to interfere. The other points made by defendants
are without merit.

Affirmed.