PARKE CONSTRUCTION COMPANY v. CONSTRUCTION MANAGEMENT COMPANY

No. 7726SC632

(Filed 15 August 1978)

1. Arbitration and Award § 1— arbitration provision—construction

A provision of a joint venture agreement stating that "Any and all disputes of any kind under or in connection with this Agreement will be submitted to" a named person "for absolute and final decision" did not pertain only to on-the-job management and administrative decisions during the course of the work but required that any dispute arising under the joint venture agreement be resolved in binding arbitration, including any amount allegedly owed to plaintiff by defendant under the terms of the agreement.

2. Arbitration and Award § 3— arbitration provision—connection of named arbitrator with one party—knowledge by other party

A provision for binding arbitration in a joint venture agreement between plaintiff and defendant was not unenforceable as violating the public policy of this State and the Federal Arbitration Act because the person named in the agreement to be arbitrator was the president of defendant's parent company where plaintiff knew of the nature of the relationship between the named arbitrator and defendant at the time it entered the agreement with defendant.

APPEAL by plaintiff from *Griffin, Judge*. Order entered 22 April 1977 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 27 April 1978.

Plaintiff filed its complaint alleging that defendant owed it $54,945.32 in fees due under the provisions of a "Joint Venture Agreement" and a "Supplemental Agreement" pertaining to certain construction in Charlotte. Defendant answered and counterclaimed for $140,840, at the same time filing a motion to dismiss, asserting that binding arbitration clauses in the agreements provided plaintiff's only remedy.

The trial court ordered that the action be stayed pending completion of arbitration. Plaintiff appeals.

*Fleming, Robinson & Bradshaw, by Russell M. Robinson II, for plaintiff appellant.*

*Kennedy, Covington, Lobdell & Hickman, by Ross J. Smyth and William C. Livingston; Alston, Miller & Gaines, Atlanta, Georgia, by Oscar N. Persons and Peter M. Degnan, for defendant appellee.*

ERWIN, Judge.

The following order of Judge Griffin gives rise to this appeal:

"THIS CAUSE coming on to be heard and being heard before The Honorable Kenneth A. Griffin, Judge Presiding over the March 28, 1977, Schedule D Mixed Session of Superior Court of Mecklenburg County, on the Defendant's Motion, which the Court construes as being to dismiss or in the alternative to stay the above-styled action pending arbitration of the claims asserted by Plaintiff and Defendant in their pleadings filed in this action, and counsel for all parties being present;

After hearing argument and receiving evidence, this Court finds as follows:

### FINDINGS OF FACT

1. Plaintiff Parke Construction Company (hereinafter 'Parke') and Defendant Construction Management Company (hereinafter 'CMC') entered into a Joint Venture Agreement (hereinafter 'Joint Venture Agreement') and a Supplemental Agreement (hereinafter 'Supplemental Agreement') entered as of August 29, 1972, copies of which were introduced into the record and marked as D-1 and D-2, respectively.

2. Paragraph X of the Joint Venture Agreement provides that 'Any and all disputes of any kind under or in connection with this Agreement will be submitted to Mr. Ira Hardin for absolute and final decision. In the event of his unavailability, Mr. A. H. Sterne shall so serve.'

3. The last sentence of the first unnumbered paragraph of the Supplemental Agreement provides that 'The terms and conditions of that Joint Venture Agreement are incorporated herein by reference.'

4. The arbitration provision contained in Paragraph X of the Joint Venture Agreement and incorporated by reference into the Supplemental Agreement has not been modified or altered in any manner from the date that said Agreements were entered into through and including the date of this hearing.

EXCEPTION NO. 6

5. The language contained in the Joint Venture Agreement and Supplemental Agreement is clear and unambiguous and compels the submission of all disputes arising under or in connection with said Agreements to Mr. Ira Hardin for binding and enforceable arbitration.

EXCEPTION NO. 7

6. In any event, the evidence presented established that it was the intent of the parties at the time that the Joint Venture Agreement and Supplemental Agreement were executed to provide for the submission of any and all disputes arising under or in connection with said Agreements to Mr. Ira Hardin for binding and enforceable arbitration, in accordance with Paragraph X.

EXCEPTION NO. 8

7. Parke and CMC stipulated that the Joint Venture Agreement and Supplemental Agreement involved 'interstate commerce' within the meaning of that term as used in Sections 1 and 2 of the Federal Arbitration Act, and the Court also so finds.

8. Based upon the evidence and arguments of counsel, the Court finds that the Federal Arbitration Statute, 9 U.S.C. Sections 1-14, governs the enforceability of the arbitration

clause contained in Paragraph X of the Joint Venture Agreement and incorporated by reference into the Supplemental Agreement.

EXCEPTION NO. 9

9. The claims asserted in the Complaint filed by Parke and the counterclaims asserted by CMC fall within the scope of the binding and enforceable arbitration agreement contained in Paragraph X of the Joint Venture Agreement and incorporated by reference into the Supplemental Agreement.

EXCEPTION NO. 10

10. Parke had knowledge of the extent and nature of the relationship which exists between Mr. Ira Hardin and CMC at the time that Parke entered into the Joint Venture Agreement and Supplemental Agreement.

11. CMC has tendered to Parke submission of the claims contained in the Complaint and counterclaims to binding and enforceable arbitration, as called for by Paragraph X, and Parke has refused to so arbitrate.

EXCEPTION NO. 11

## CONCLUSIONS OF LAW

1. The terms and conditions of the Joint Venture Agreement, including the arbitration clause contained in Paragraph X of said Agreement, were incorporated by reference into the Supplemental Agreement.

EXCEPTION NO. 12

2. The Federal Arbitration Act created substantive national law which supersedes conflicting state provisions and provides for the validity, irrevocability and enforceability of arbitration agreements contained in contracts relating to interstate commerce, including the agreements at issue here.

EXCEPTION NO. 13

3. The arbitration provision in Paragraph X of the Joint Venture Agreement is under the Federal Arbitration Act, valid, binding, irrevocable and enforceable and requires the parties to submit the claims alleged in the complaint and counterclaims to binding, irrevocable and enforceable arbitration by the arbitrator designated in said Paragraph X.

EXCEPTION NO. 14.

ORDER AND JUDGMENT

Based on the foregoing findings of fact and conclusions of law and on the record and the evidence in this action,

IT IS HEREBY ORDERED THAT THIS ACTION BE STAYED, pending the completion of arbitration by Mr. Ira H. Hardin (or his Paragraph X successor if Hardin is unavailable) between Parke and CMC of the claims contained in the Complaint filed by Parke and the counterclaims filed by CMC in this action.

IT IS SO ORDERED this 22 day of April, 1977.

EXCEPTION NO. 15

/s/ Kenneth A. Griffin"

[1] Plaintiff first contends that the trial court erred in finding that the parties had agreed to arbitrate such disputes as the one over plaintiff's fee. Plaintiff earnestly maintains that Paragraph X of the Joint Venture Agreement is not an agreement to arbitrate at all, but is merely an agreement that defendant ("CMC") as majority partner in the joint venture, ". . . would have the traditional right to make on-the-job management and administrative decisions regarding the 'running of the work' as the job progressed."

The defendant contends these contractual provisions provide simply and clearly that any dispute arising under the Joint Venture Agreement or Supplemental Agreement must be resolved by binding arbitration as determined by Judge Griffin.

We agree with the defendant and affirm the order entered by the trial judge.

Our Supreme Court has held: "The heart of a contract is the intention of the parties, which is ascertained by the subject matter of the contract, the language used, the purpose sought, and the situation of the parties at the time." (Citations omitted.) *Pike v. Trust Co.*, 274 N.C. 1, 11, 161 S.E. 2d 453, 462 (1968). "Where the terms are plain and explicit the court will determine the legal effect of a contract and enforce it as written by the parties." *Church v. Hancock*, 261 N.C. 764, 766, 136 S.E. 2d 81, 83 (1964), and "All contemporaneously executed written instruments be-

tween the parties, relating to the subject matter of the contract, are to be construed together in determining what was under-taken." *Yates v. Brown*, 275 N.C. 634, 640, 170 S.E. 2d 477, 482 (1969).

In the contracts before us, the words are plain; the language is clear; and the intent of the parties is ascertainable. The term, "any and all disputes," is all embracing and includes the utmost possible. As far as these contracts are concerned, there is not any dispute excluded from arbitration.

The record reveals a letter from C. P. Street of McDevitt & Street Company of Atlanta, Georgia, dated 30 October 1971 to Allen S. Hardin, President of Ira H. Hardin Company, Atlanta, Georgia, stating that Ira H. Hardin Company and McDevitt & Street Company will join a joint venture to construct the subject project (NCNB-Charlotte, N. C.), with the following language stated:

"4) In the event of disagreement between representatives of the two companies which cannot be satisfactorily resolved by these representatives, information concerning the areas of disagreement is to be submitted to Mr. Ira H. Hardin for final decision. In the event that Mr. Ira H. Hardin is in-capacitated and cannot act in this capacity as Chief Arbiter, the parties hereto will choose another arbiter in his place."

C. P. Street, on 23 October 1971, forwarded his memorandum to P. C. Gaskell, E. R. Street, and J. E. Sebrell (President of Parke Construction Company, plaintiff) stating the following:

"I told Allen that we would be glad to have his father, Ira H. Hardin, as arbiter of differences of opinion instead of Frank Carter, but that either one would be acceptable to us."

Where the terms of a contract are established, prior negotia-tions are merged. Evidence of prior negotiations may be compe-tent, as here, to show the intent of the parties. We cannot find any evidence that would limit Paragraph X to the traditional right to make on-the-job management and administrative deci-sions regarding the "running of the work."

[2] Plaintiff contends that the Joint Venture and the Supplemen-tal Agreements are unenforceable in that they violate the public policy of this State and of the Federal Arbitration Act.

We note that the defendant in its answer alleged the agreement to arbitrate the claims presented by plaintiff in its complaint and the defendant's claims alleged in its first counterclaim. The plaintiff's reply is silent on the position of Ira H. Hardin, arbiter, and Paragraph X of the Joint Venture Agreement.

The plaintiff states in its brief:

"There is a generally prevailing public policy against permitting one of the parties to a dispute serve as the arbitrator thereof:

'If parties are to be encouraged to arbitrate, arbitration proceedings must be conducted with the same degree of impartiality as the courts afford. Public policy requires, therefore, that arbitrators not only be completely impartial but also that they have no connection with the parties or the dispute involved which might give the appearance of their being otherwise. Obviously a person is disqualified to act as an arbitrator if he is himself a party to the dispute.' 5 Am. Jur. 2d, Arbitration and Award § 99 at 595."

We judge from this that the plaintiff has concluded that Ira H. Hardin is not and will not be impartial in the performance of his duties pursuant to Paragraph X of the Joint Venture Agreement. This is assumed by the plaintiff without any allegations or evidence that would support such assumption. A search of the record before us reveals that Thomas Crawford, Jr., President of CMC, testified that:

"Mr. Ira Hardin is the Chairman of the Board of Ira H. Hardin Company, which is the parent company of Construction Management Company. It is correct that Mr. Hardin was designated by the parties to be the arbitrator, and he is the Chairman of the Board of the company that owns Construction Management Company."

Judge Griffin found as a fact that Parke (plaintiff) had knowledge of the extent and nature of the relationship which exists between Mr. Ira Hardin and CMC (defendant) at the time that Parke entered into this Joint Venture Agreement and Supplemental Agreement. Neither party objected to this finding of fact.

The United States Supreme Court held in *United States v. Moorman*, 338 U.S. 457, 460-1, 94 L.Ed. 256, 259, 70 S.Ct. 288, 290 (1950):

> "[A]nd in *Martinsburg & Potomac R. Co. v. March*, 114 US 549, 29 L ed 255, 5 S Ct 1035, this Court enforced a contract for railroad grading which broadly provided that the railroad's chief engineer should in all cases 'determine the quantity of the several kinds of work to be paid for under the contract, . . . , decide every question which can or may arise relative to the execution of the contract, and his estimate shall be final and conclusive.' Id. (114 US at pp 551, 552, 29 L ed 256, 5 S Ct 1035). In upholding the conclusions of the engineer the Court emphasized the duty of trial courts to recognize the right of parties to make and rely on such mutual agreements. Findings of such a contractually designated agent, even where employed by one of the parties, were held 'conclusive, unless impeached on the ground of fraud, or such gross mistake as necessarily implied bad faith.' Id. at p 555."

Our Supreme Court held in *Pearson v. Barringer*, 109 N.C. 398, 400, 13 S.E. 942, 943 (1891):

> "It is earnestly insisted that the award should be set aside because Bristol, the arbitrator chosen by the plaintiff, was a surety on the prosecution bond, and therefore an interested party.
>
> It is well settled, that parties 'knowing the facts, may submit their differences to any person, whether he is interested in the matters involved (*Navigation Co. v. Fenton*, 4 W. & S. [Pa.], 205), or is related to one of the parties, and the award will be binding upon them.' (6 Wait's Act. & Def., 519; Morse on Arbitration, 105). But if the submission be made in ignorance of such incompetency, the award may be avoided. No relief, however, will be granted unless objection is made as soon as the aggrieved party becomes aware of the facts, and if after the submission he acquires such knowledge and permits the award to be made without objection, it is treated as a waiver and the award will not be disturbed."

The Federal Courts have followed *Martinsburg & Potomac R. Co. v. March, supra*, without substantial modification, and the courts of North Carolina have followed *Pearson v. Barringer, supra*, for many years. On the record before us, we are not permitted to interfere with the contractual rights of the parties when each was aware and understood the contracts it entered into.

We find no merit in the contention that the trial court erred in excluding some of the evidence offered by the plaintiff to show the purpose and intent of the so-called "arbitration agreement." The general rule is that when a written instrument is introduced into evidence, its terms may not be contradicted by parol or extrinsic evidence, and it is presumed that all prior negotiations are merged into the written agreement. *See Root v. Insurance Co.*, 272 N.C. 580, 158 S.E. 2d 829 (1968).

The order of Judge Griffin is affirmed.

Affirmed.

Judges BRITT and CLARK concur.