KENNETH THOMAS v. RICHARD HOWARD

No. 8020DC626

(Filed 7 April 1981)

1. **Arbitration and Award § 9– attack on arbitration award**

An arbitration award is ordinarily presumed valid, and the party seeking to set it aside has the burden of demonstrating an objective basis which supports his allegations that one of the arbitrators acted improperly.

2. **Arbitration and Award § 3– waiver of disability of arbitrator**

The disability of an arbitrator is waived if the complaining party had prior knowledge of it.

3. **Arbitration and Award § 9– attack on arbitration award – business dealings of arbitrator with plaintiff – knowledge by defendant**

Defendant was not entitled to have an arbitration award set aside under G.S. 1-567.13(a)(2) because the arbitrator appointed by plaintiff had prior knowledge of the facts and a business connection with plaintiff where the written arbitration agreement between the parties shows that defendant accepted the arbitrator appointed by plaintiff with full knowledge of his business dealings with plaintiff and the possible bias that could result from that connection. Furthermore, even if defendant did not waive his right to complain about bias of the arbitrator appointed by plaintiff, defendant was not prejudiced by such bias where the award discloses on its face that the arbitrators reached a rational compromise, and where each party selected one arbitrator and those arbitrators selected a third person to act as a neutral umpire, the arbitration award was unanimous, the votes of the umpire and defendant's own arbitrator were sufficient to support the award, and defendant did not suggest that either his arbitrator or the umpire was improperly influenced by the arbitrator appointed by plaintiff.

APPEAL by defendant from *Huffman, Judge.* Judgment entered 22 April 1980 in District Court, ANSON County. Heard in the Court of Appeals 29 January 1981.

Plaintiff filed a motion to confirm an arbitration award made in his favor pursuant to the provisions of G.S. 1-567.12. The court denied defendant's opposing motion to vacate the award and entered judgment confirming the award.

The pertinent facts are these. Defendant purchased some heavy construction equipment from plaintiff. A contractual dispute developed between the parties as to the amount of the balance owed by defendant for the equipment. Plaintiff contended the amount of the debt was $5,904.68, but defendant said it was only $1,675.00. To settle the controversy, both parties

Thomas v. Howard

signed and sealed a written agreement to arbitrate the matter and abide by the final decision of three arbitrators in accordance with the provisions of Article 45A of the General Statutes.

Each party selected one arbitrator, and those two arbitrators subsequently selected a third person to act as a neutral umpire. Plaintiff appointed Boyd Collins as his arbitrator, and defendant appointed Tommy Howell. Ross Beine served as the umpire. The arbitrators then conducted a hearing in which they heard evidence from both parties and their witnesses and examined the relevant books and records. On 25 March 1980, after full deliberation, the arbitrators rendered the following unanimous decision:

> We do decide that this is the sum due between the parties and we agree that Richard Howard [defendant] is due to Kenneth Thomas [plaintiff] said sum of $3,775.00 and Kenneth Thomas is to return the pump to Richard Howard.

> This sum is to draw interest from this draft until paid at the legal rate.

One week later, plaintiff filed a motion to confirm the award because defendant had failed to pay the sum determined by the arbitration. Defendant responded with a motion to vacate the award. In his motion, defendant attacked the validity of the award due to the alleged partiality of Boyd Collins, the arbitrator chosen by plaintiff:

> That prior to his appointment as arbitrator Boyd Collins had personal knowledge of the facts in controversy between the parties as represented to him by Plaintiff; that Plaintiff discussed the facts of the case with Mr. Collins prior to his appointment as arbitrator; that Mr. Collins employed Plaintiff to perform certain work for him both before and after the appointment;

> That Mr. Collins received this hearsay information concerning the case in the absence of the Defendant and the other arbitrators;

> That having received hearsay information outside of the arbitration hearing and in the absence of the Defendant and the other arbitrators, Mr. Collins unintentionally committed an act improper for an arbitrator or a juror for

which he should have disqualified himself as an arbitrator in this proceeding.

That because of the information so obtained by Mr. Collins from his personal observation outside of the arbitration proceeding and from the Plaintiff, the rights of the Defendant to a fair and impartial hearing were prejudiced.

The judge denied defendant's motion, however, and held that, even taking his allegations as true, he had failed to state sufficient grounds for vacating the award as a matter of law. In addition, the judge found that the award was properly made in accordance with the arbitration agreement and General Statutes. The judge, therefore, entered an order confirming the award in all respects and directing defendant to pay $3,775.00 to plaintiff.

*E.A. Hightower, for plaintiff appellee.*

*F.D. Poisson, Jr., for defendant appellant.*

VAUGHN, Judge.

Defendant's brief does not comply with the Rules of Appellate Procedure in several respects. It does not contain a statement of the questions presented for review. App. R. 28(b)(1). In addition, it does not include a short, nonargumentative summary of the essential facts. App. R. 28(b)(2). Finally, the brief makes no reference to the assignment of error or exception in the record which is pertinent to defendant's argument on appeal. App. R. 28(b)(3). In our discretion, we shall, nevertheless, address the merits of the case.

Defendant seeks reversal of the order confirming the arbitration award. In essence, he contends that a judge must vacate an award, as a matter of law, whenever there is evidence that one of the arbitrators had both prior knowledge of the facts and a business connection with one of the parties involved in the controversy. We disagree and affirm the judgment.

[1] The purpose of arbitration is to reach a final settlement of disputed matters without litigation, and it is well established that the parties, who have agreed to abide by the decision of a panel of arbitrators, will not generally be heard to attack the regularity or fairness of an award. *Fashion Exhibitors v. Gun-*

Thomas v. Howard

*ter,* 41 N.C. App. 407, 255 S.E. 2d 414 (1979). Thus, an award is ordinarily presumed valid, and the party seeking to set it aside has the burden of demonstrating an objective basis which supports his allegations that one of the arbitrators has acted improperly. *See Young v. Insurance Co.,* 207 N.C. 188, 176 S.E. 271 (1934); 5 Am. Jur. 2d, Arbitration and Award, § 156 (1962). *See also Fashion Exhibitors v. Gunter,* 291 N.C. 208, 230 S.E. 2d 380 (1976). Defendant has failed to meet this burden in the instant case.

It is, of course, true that public policy generally requires that arbitrators be impartial and that they have no connection with the parties involved or the subject matter of the dispute. Annot., 56 A.L.R. 3d 697 (1974). This principle is enforced in our State by G.S. 1-567.13(a)(2), which provides that a court shall vacate an award when there is "evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party." Significantly though, the statute does not provide relief from an award when there is "evident partiality" by an arbitrator who is *not* appointed as a neutral or umpire. G.S. 1-567.13, by its terms, does not, therefore, necessarily prevent parties from accepting arbitrators who they know are acquainted in some way with the case or the parties.

Indeed, it is only natural that parties will attempt to appoint arbiters, who tend to be biased in their favor. A noted author has explained that:

> One who submits his case to an arbitrator selects his own judge; and he selects one, if he can induce the other party to agree, who is likely to be prejudiced in his own favor.
>
> If two parties are willing to take their chances before an arbiter so selected, it is now believed that there is no public interest that makes it necessary to forbid them.

6A Corbin, Contracts § 1433, at 394 (1962). Thus, the common sense rule evolved that, even though partiality of an arbitrator is a well-recognized ground for the setting aside of awards, a party may, nonetheless, be concluded by an award when he knew of the facts alleged to constitute the bias or prejudice of the arbitrator at the time the agreement was made. 5 Am. Jur. 2d, Arbitration and Award, §§ 101, 181 (1962); Annot., 56 A.L.R. 3d 697, 703-04, 717-26 (1974).

**[2]**  This rule, that the disability of an arbitrator is waived if the complaining party had prior knowledge of it, obtains in North Carolina. *Pearson v. Barringer*, 109 N.C. 398, 13 S.E. 942 (1891), is an instructive case. In *Pearson*, defendant sought to set aside an arbitration award because the arbitrator chosen by plaintiff was a surety on the prosecution bond and was, therefore, an interested party. In upholding the award, the Court stated:

> It is well settled, that parties "knowing the facts, may submit their differences to any person, whether he is interested in the matters involved *(Navigation Co. v. Fenlon,* 4 W. & S. [Pa.], 205), or is related to one of the parties, and the award will be binding upon them." (6 Wait's Act. & Def., 519; Morse on Arbitration, 105). But if the submission be made in ignorance of such incompetency, the award may be avoided. No relief, however, will be granted unless objection is made as soon as the aggrieved party becomes aware of the facts, and if after the submission he acquires such knowledge and permits the award to be made without objection, it is treated as a waiver and the award will not be disturbed.

109 N.C. at 400, 13 S.E. at 943. Similarly, in the case of *Construction Co. v. Management Co.*, this Court refused to set aside an award where the judge had found as a fact, to which no exception was taken, that plaintiff knew of the extent and nature of the relationship between the arbitrator and defendant when he entered into the agreement. 37 N.C. App. 549, 555-57, 246 S.E. 2d 564, 566, *appeal dismissed*, 295 N.C. 733, 248 S.E. 2d 864 (1978). The Court applied the reasoning of *Pearson v. Barringer, supra,* and also emphasized that the record did not reveal a basis for judicial interference with the contractual rights of the parties "when each was aware and understood the contracts it entered into." *Id.* For analogous cases involving appraisal awards, *see Firemen's Fund Ins. Co. v. Flint Hosiery Mills*, 74 F. 2d 533 (4th Cir.), *cert. denied*, 295 U.S. 748, 79 L.E. 1692 (1935); *Young v. Insurance Co.*, 207 N.C. 188, 176 S.E. 271 (1934).

**[3]**  Without question, the foregoing authorities apply to the instant case. Defendant accepted plaintiff's selected arbitrator, Boyd Collins, in the written arbitration agreement. In his motion to vacate the award, defendant did not even allege that he was unaware at the time he entered that agreement, of the

Thomas v. Howard

facts which indicated Collins' possible bias in plaintiff's favor. More importantly, the arbitration agreement itself compels the conclusion that defendant accepted Boyd Collins as an arbitrator with full knowledge of his business dealings with plaintiff and was aware of the possible bias that could result from that connection. The agreement includes the following stipulation: "The parties agree that Boyd Collins owes them $80 and that Kenneth Thomas [plaintiff] gets $20 and that the $60 belongs to Richard Howard [defendant] and that Kenneth Thomas will take care of it." Since defendant knew of Collins' business association with *both* parties when he entered into the agreement, we hold that he has not stated sufficient grounds to vacate the award under G.S. 1-567.13.

Moreover, even if we assumed that defendant did not waive his right to complain about Collins' bias, defendant would still be unable to show that Collins' alleged corruption or misconduct *prejudiced* his right to a fair and impartial settlement of the controversy. G.S. 1-567.13(a)(2). Here, the parties sought arbitration because they could not agree as to whether the amount of a debt was $5,904.68 or $1,675.00. Viewed in this light, we hold that the award discloses, on its face, that the arbitrators reached a rational compromise, in the midst of much dispute, in finding that defendant owed plaintiff $3,775.00. In addition, we would stress the unanimity of the arbitration award. In this case, an enforceable award could be rendered upon the concurrence of two arbiters.[1] In his motion to set aside the award, however, defendant did not attack the neutrality of the other two arbitrators, and he did not suggest that either of them was improperly influenced by Collins. We fail to see, therefore, how defendant could have been harmed by any alleged misconduct by Collins when the combined votes of the umpire and defendant's own arbitrator would have been sufficient to enter the award for $3,775.00 in plaintiff's favor.

In conclusion, we would comment that, by enacting Article 45A, the legislature intended to encourage parties to submit disputed matters to arbitration when it is feasible and expe-

1. The arbitration agreement between plaintiff and defendant did not specify what constituted binding action by the arbitrators. Thus, G.S. 1-567.5 applied. That statute provides: "[t]he powers of the arbitrators may be exercised by a *majority* unless otherwise provided by the agreement or by this Article." (Emphasis added).

dient for them to do so. *See, e.g.,* G.S. 1-567.2. This public policy includes, however, the judicial admonition "that a party who has accepted this form of adjudication must be content with the results." *DeFrayne v. Miller Brewing Co.,* 444 F. Supp. 130, 131 (E.D. Mich. 1978) [citing with approval, *Fashion Exhibitors v. Gunter,* 291 N.C. 208, 230 S.E. 2d 380 (1976)].

The order confirming the arbitration award is affirmed.

Affirmed.

Chief Judge MORRIS and Judge BECTON concur.