H. MARK McNEAL v. FRANK BLACK

No. 8226SC350

(Filed 15 March 1983)

**Arbitration and Award § 9— participation in arbitration hearing—absence of objection—waiver of right to object to arbitration process**

    Respondent stockbroker's consent to submission of a claim against him to arbitration by the National Association of Securities Dealers and his participation in the arbitration hearing without making any objection, demand for a jury trial or motion to stay the proceedings constituted a waiver of his right to object to the arbitration process. G.S. 1-567.3(b); G.S. 1-567.13(a)(5).

APPEAL by respondent-appellant from *Grist, Judge.* Judgment entered 18 January 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 15 February 1983.

    This case involves allegations by appellee (hereafter "McNeal") that appellant (hereafter "Black"), a stockbroker, sold "naked" stock options (*i.e.*, options for which McNeal did not own the underlying stock) in McNeal's name, causing damages to McNeal. Rather than filing suit for the losses he had sustained, McNeal agreed to submit his claim to arbitration under the auspices of the National Association of Securities Dealers, Inc. ("NASD"), a voluntary national association of brokerage firms and dealers registered with the Securities and Exchange Commission.

    On 28 April 1980 McNeal signed a Uniform Submission Agreement, a form provided by NASD. Respondents in the arbitration were Black and two of his employers, E. F. Hutton & Company, Inc. and Merrill Lynch, Pierce, Fenner & Smith, Inc. On 23 June 1980, Black also signed a Uniform Submission Agreement and submitted it and his answer to NASD's Director of Arbitration. Arbitration hearings were held in Charlotte on 20 and 21 August 1981 before a panel of three arbitrators. By award dated 17 September 1981 the arbitrators awarded McNeal $12,500 against Black and dismissed McNeal's claims against Hutton and Merrill Lynch.

    On 29 October 1981 McNeal filed an Application and Motion to Confirm Arbitration Award, pursuant to G.S. 1A-1, Rule 7, and G.S. 1-567.12, -.15 and -.16. In response, Black filed a Motion to Dismiss, Answer and Demand for Jury Trial, challenging the ar-

bitration award. A hearing was held on 5 January 1982. After hearing argument of counsel and reviewing the pleadings and affidavits, Judge Grist denied Black's motions and entered judgment on 18 January 1982, confirming the arbitration award. Black appealed from entry of the judgment.

*Helms, Mulliss & Johnston by N. K. Dickerson, III, for movant-appellee.*

*Weaver & Bennett by F. Lee Weaver for respondent-appellant.*

BRASWELL, Judge.

Black argues in his brief that the court erred in refusing to grant his motion for a jury trial and his motion to have NASD's Rules of Fair Practice and Code of Arbitration Procedure declared unconstitutional. Black contends that he was compelled to submit to arbitration since he was subject to disciplinary action had he refused to arbitrate. He urges this Court to regard the arbitration agreement as coercive, compelling him to choose arbitration rather than risk termination of his employment and the loss of his license.

We do not agree with Black that his submission to arbitration was forced. Black voluntarily signed the Uniform Submission Agreement and expressly consented to arbitration. It is true that this dispute was required to be submitted to arbitration by the NASD Code of Arbitration Procedure:

"Sec. 2.

(a) *Required Submissions*

Any dispute, claim or controversy subject to arbitration under this Code arising on or after the effective date of the relevant section or subsection hereof shall be submitted to arbitration pursuant to this Code at the instance of:

\*   \*   \*   \*

(2) a public customer against a member and/or a person associated with a member;"

However, Black had a choice of whether to accept employment with an NASD member firm and could have chosen a non-member

brokerage firm if he objected to the arbitration procedures concerning customer disputes; as for the disciplinary sanctions to be imposed had Black refused to submit to arbitration, such sanctions are not mandatory but are simply possible recourse that may be taken by NASD. The Resolution of the Board of Governors states:

> "It *may* be deemed conduct inconsistent with just and equitable principles of trade and a violation of Article III, Section 1 of the Rules of Fair Practice for a member or a person associated with a member to fail to submit a dispute for arbitration under the Code of Arbitration Procedure as required by that Code, . . ." (Emphasis added.)

At the same time he filed the agreement to arbitrate, Black also filed his answer to McNeal's claim. He did not make any objection to the arbitration or make any demand for jury trial. Black and his attorney participated in the arbitration hearings and never made any objection to arbitration. At the conclusion of the hearings Black's counsel stated affirmatively that all of his evidence had been presented and that he had had an equal opportunity to be heard. No demand for jury trial or objection to the arbitration process was made by Black until a month and a half after McNeal had moved to have the arbitration award confirmed.

We believe that by his participation in the arbitration without making any protest or demand for jury trial Black waived any right to object to the award later on these grounds. Pursuant to G.S. 1-567.3(b) of the Uniform Arbitration Act, rather than submitting to arbitration, Black could have brought an action in superior court to have the arbitration proceeding stayed and to have a determination of the issues of the demand for jury trial and the constitutionality of NASD's arbitration proceedings. In the alternative, under G.S. 1-567.13(a)(5), Black could have moved to vacate the award once it was entered. However, in order to make such a motion, he must have raised an objection to the arbitration proceeding at the time of the hearing. This he failed to do.

A party may waive a constitutional as well as a statutory benefit by express consent, by failure to assert it in apt time, or by conduct inconsistent with a purpose to insist upon it. *Development Co., Inc. v. Phillips*, 278 N.C. 69, 76, 178 S.E. 2d 813, 817

(1971); *Cotton Mills v. Local 578*, 251 N.C. 218, 228, 111 S.E. 2d 457, 463 (1959), *cert. denied*, 362 U.S. 941, 4 L.Ed. 2d 770, 80 S.Ct. 806 (1960); 3 Strong's N.C. Index 3d *Constitutional Law* § 4.2 (1976). In *Thomas v. Howard*, 51 N.C. App. 350, 276 S.E. 2d 743 (1981), the court held that the defendant waived his right to complain about the partiality of one of the arbitrators by failing to challenge the selection of the arbitrator until defendant made a motion to vacate the award. The evidence showed that defendant knew of the extent and nature of the relationship between the arbitrator and plaintiff at the time he entered into the agreement to arbitrate.

> "The purpose of arbitration is to reach a final settlement of disputed matters without litigation, and it is well established that the parties, who have agreed to abide by the decision of a panel of arbitrators, will not generally be heard to attack the regularity or fairness of an award."

*Thomas v. Howard, supra*, at 352, 276 S.E. 2d at 745. *Fashion Exhibitors v. Gunter*, 41 N.C. App. 407, 255 S.E. 2d 414 (1979).

If Black had prevailed at the arbitration hearing, it is clear that he would not be challenging the procedure at this time. He cannot be allowed to participate in arbitration, raising no objections, and then refuse to be bound by an adverse award. This type of conduct would serve to defeat the purpose of arbitration.

We hold that Black's consent to submission of the matter to arbitration and his participation in the arbitration hearing, without making any objection, demand for jury trial or motion to stay the proceedings, resulted in a waiver of the right to subsequently challenge the arbitration process. *Thomas v. Howard, supra; Fashion Exhibitors v. Gunter, supra*; Annot., 33 A.L.R. 3d 1242 (1970). Black failed to assert his objections in a timely manner and also, by his active participation in the arbitration hearing, indicated conduct inconsistent with a purpose to insist upon a jury trial. *Development Co., Inc. v. Phillips, supra*.

We have carefully considered Black's other assignments of error and find them to be without merit.

For the foregoing reasons, we hold that the trial court properly denied Black's motions and confirmed the award of the arbitrators.

Affirmed.

Judges HEDRICK and WHICHARD concur.