JOHNNY THURMOND MILLER, II, PLAINTIFF v. ROCA & SON, INC. AND MOREJON NICANDRO, DEFENDANTS

No. COA03-1018

(Filed 16 November 2004)

**Arbitration and Mediation— arbitration—uninsured motorist coverage—waiver of issues**

The trial court did not err in an action arising out of an automobile accident by confirming an arbitration award of $80,000 in favor of plaintiff and against unnamed defendant insurance company based on its uninsured motorist coverage endorsement, because: (1) unnamed defendant waived any right to object to the arbitration award based on a lack of coverage since the policy

provided that arbitration will only occur if there was an uninsured motor vehicle and the parties consented to arbitration; (2) by not objecting to arbitration of the coverage issue prior to the arbitration hearing, unnamed defendant failed to assert its objection in a timely manner and, through its consent to and active participation in the arbitration proceedings, has engaged in conduct inconsistent with a purpose of insisting upon determination of coverage by the trial court; (3) unnamed defendant failed to demonstrate that any grounds existed under N.C.G.S. § 1-567.13 warranting vacation of the award; (4) unnamed defendant waived the issue of the trial court confirming the award prior to the expiration of the 90-day period in which unnamed defendant was allowed to move to vacate or modify the award by failing to include an assignment of error addressing this issue, and in any event this argument has already been expressly rejected by the Court of Appeals; and (5) unnamed defendant failed to preserve the issue of plaintiff's receipt of workers' compensation benefits.

Appeal by unnamed defendant Insura Property & Casualty Insurance Company from order entered 30 April 2003 by Judge Nathaniel J. Poovey in Mecklenburg County Superior Court. Heard in the Court of Appeals 21 April 2004.

*Charles G. Monnett, III & Associates, by Craig O. Asbill, for plaintiff-appellee.*

*Garlitz & Williamson, P.L.L.C., by Thomas D. Garlitz, for defendant-appellant Insura Property & Casualty Insurance Company.*

GEER, Judge.

The unnamed defendant uninsured motorist carrier, Insura Property & Casualty Insurance Company ("Insura") appeals from an order confirming an arbitration award in favor of plaintiff Johnny Thurmond Miller, II. Because Insura has failed to demonstrate that any grounds exist under N.C. Gen. Stat. § 1-567.13 (2001) warranting vacation of the award, we affirm.

On 13 January 1997, plaintiff Miller collided with a truck that had been abandoned on the side of the interstate. Plaintiff was driving a truck owned by his employer, Anderson Heating and Cooling, Inc., and insured by Insura. Insura's policy included an endorsement providing for uninsured motorist benefits.

**MILLER v. ROCA & SON, INC.**

[167 N.C. App. 91 (2004)]

On 30 December 1999, plaintiff filed suit against Roca & Son, Inc., and Morejon Nicandro, the alleged owners of the abandoned truck. Plaintiff also alleged that he had been unable to locate any insurance policy providing coverage for that truck and asserted a cause of action against Insura based on its uninsured motorist coverage endorsement.

On 15 May 2001, after Insura answered, plaintiff moved to compel arbitration pursuant to the endorsement's arbitration clause:

> If we and an insured disagree whether the insured is legally entitled to recover damages from the owner or driver of an uninsured motor vehicle or do not agree as to the amount of damages that are recoverable by that insured, then the matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated. The insured may make a written demand for arbitration.

The parties subsequently entered into a consent order on 2 July 2001 that stated: "[T]he parties have agreed that the case should be arbitrated and that an order staying this matter be entered until the completion of the arbitration . . . ."

The arbitration occurred on 27 January 2002 before a three-member panel. On 5 February 2003, the panel made an arbitration award in plaintiff's favor in the amount of $80,000.00. Plaintiff filed a motion to confirm the arbitration award on 17 March 2003. The superior court entered an order confirming the award on 30 April 2003. Insura has appealed from the order of confirmation.

On appeal, Insura first argues that the trial court erred in confirming the arbitration award because neither the trial court nor the arbitrators had determined that the truck owned by Roca & Son or Nicandro was uninsured, a prerequisite to uninsured motorist coverage. We hold that Insura has waived any right to object to the arbitration award based on a lack of coverage.

Insura's policy provides that "disputes concerning coverage under this endorsement may not be arbitrated." If, however, Insura "and an insured disagree whether the insured is legally entitled to recover damages from the owner or driver of an uninsured motor vehicle or do not agree as to the amount of damages that are recoverable by that insured, then the matter may be arbitrated." Under this language, arbitration will only occur if there is "an uninsured motor vehicle."

As the consent order staying the action pending arbitration reflects, Insura agreed with plaintiff "that the case should be arbitrated." The record does not indicate any attempt by Insura to have the court determine, prior to compelling arbitration, the preliminary question of coverage. Insura never filed a declaratory judgment action or asserted a counterclaim on the issue. Nor does the record reveal any effort by Insura, prior to the arbitration hearing, to limit the scope of the arbitration to exclude questions of coverage. There is no objection at all to the scope of the arbitration until the hearing on the motion to confirm the arbitration award.

Given the language of the arbitration agreement, Insura, by consenting to arbitration, either was (1) admitting that there was an uninsured motor vehicle involved in the accident; or (2) consenting to have the issue of coverage decided by the arbitrator. The record contains no reservation of a right to proceed later on the coverage issue in superior court. Insura waited until after the arbitrator ruled adversely to it to attempt to litigate the question whether defendants' vehicle was uninsured.

Under these circumstances, Insura waived any right to object to the award on the grounds of non-coverage. In *McNeal v. Black*, 61 N.C. App. 305, 300 S.E.2d 575 (1983), the defendant similarly waited until after an adverse arbitration decision and the plaintiff's filing of a motion to compel arbitration to argue that the arbitration agreement was unenforceable as to him. This Court observed that the defendant could have sought to stay the arbitration in order to have the preliminary issues decided or, theoretically, could have moved to vacate the award once it was entered. *Id.* at 307, 300 S.E.2d at 577.[1] The Court then noted that "[a] party may waive a constitutional as well as a statutory benefit by express consent, by failure to assert it in apt time, or by conduct inconsistent with a purpose to insist upon it." *Id.* Relying upon this principle, the Court affirmed the trial court's confirmation of the arbitration award:

> If [defendant] had prevailed at the arbitration hearing, it is clear that he would not be challenging the procedure at this time. He cannot be allowed to participate in arbitration, raising no objections, and then refuse to be bound by an adverse award. This type of conduct would serve to defeat the purpose of arbitration.

---

1. The Court acknowledged, however, that the defendant's failure to raise an objection to arbitration at the time of the arbitration hearing would have barred the motion to vacate. *Id.*

**MILLER v. ROCA & SON, INC.**

[167 N.C. App. 91 (2004)]

. . . [Defendant] failed to assert his objections in a timely manner and also, by his active participation in the arbitration hearing, indicated conduct inconsistent with a purpose to insist upon a jury trial.

*Id.* at 308, 300 S.E.2d at 577-78.

*McNeal* applies with full force to this case. As with constitutional and statutory rights, a party may waive contractual rights. *Brendle v. Shenandoah Life Ins. Co.*, 76 N.C. App. 271, 276, 332 S.E.2d 515, 518 (1985) ("An insurer may be found to have waived a provision or condition in an insurance policy which is for its own benefit."). By not objecting to arbitration of the coverage issue prior to the arbitration hearing, Insura failed to assert its objection in a timely manner and, through its consent to and active participation in the arbitration proceedings, has engaged in conduct inconsistent with a purpose of insisting upon determination of coverage by the trial court.

Significantly, N.C. Gen. Stat. § 1-567.13(a)(5) (2001) only requires a court to vacate an award for lack of an arbitration agreement if "the party did not participate in the arbitration hearing without raising the objection . . . ."[2] Since Insura participated in the arbitration hearing with no objection, it cannot seek vacation of the award for lack of an arbitration agreement on the coverage issue. *See also In re Grover*, 80 N.J. 221, 230, 403 A.2d 448, 452-53 (1979) (when defendant did not (1) institute a declaratory judgment action and request a stay of arbitration pending a determination of coverage, or (2) object to arbitration on the ground of no coverage and participate in the arbitration subject to its objection, defendant failed to preserve the issue of coverage for the court).

To the extent Insura argues that the award must be vacated because plaintiff offered insufficient evidence at the arbitration hearing to prove defendants' lack of insurance and the arbitrator failed to make an express ruling on the issue, these are not proper bases for overturning an arbitration award. It has long been established in North Carolina:

If an arbitrator makes a mistake, either as to law or fact, it is the misfortune of the party, and there is no help for it. There is no

---

2. Although the General Assembly has repealed N.C. Gen. Stat. § 1-567.1 through § 1-567.20, *see* Act to Repeal the Uniform Arbitration Act and to Enact the Revised Uniform Arbitration Act, ch. 345, sec. 1, 2003 N.C. Sess. Laws 973 (July 14, 2003), the statutory changes affect only arbitration agreements made on or after 1 January 2004. *See id.*, ch. 345, sec. 4, 2003 N.C. Sess. Laws 983.

right of appeal, and the Court has no power to revise the decisions of "judges who are of the parties' own choosing." An award is intended to settle the matter in controversy and thus save the expense of litigation. If a mistake be a sufficient ground for setting aside an award, it opens a door for coming into court in almost every case; for in nine cases out of ten some mistake either of law or fact may be suggested by the dissatisfied party. Thus the object of references would be defeated and arbitration instead of ending would tend to increase litigation.

*Patton v. Garrett*, 116 N.C. 848, 858, 21 S.E. 679, 682-83 (1895). *See also Sholar Bus. Assocs., Inc. v. Davis*, 138 N.C. App. 298, 303, 531 S.E.2d 236, 240 (2000) (award would not be vacated on the ground that the arbitrator failed to rule on all the issues). An award may be vacated only for the reasons specified in N.C. Gen. Stat. § 1-567.13(a) and Insura has not demonstrated that any of those reasons apply here.

Insura has also argued in its brief that the superior court erred in confirming the award prior to the expiration of the 90-day period in which Insura was allowed to move to vacate or modify the award. Because Insura did not include any assignment of error addressing this issue, it has not preserved it for appellate review. N.C.R. App. P. 10(a) ("Except as otherwise provided herein, the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal in accordance with this Rule 10."). We note also that this argument was expressly rejected in *Ruffin Woody & Assocs., Inc. v. Person County*, 92 N.C. App. 129, 138, 374 S.E.2d 165, 170-71 (1988), *disc. review denied*, 324 N.C. 337, 378 S.E.2d 799 (1989). In *Ruffin*, plaintiff filed a motion to vacate the award after defendant filed a motion to confirm the award. The trial court granted the motion to confirm prior to a ruling being made on the motion to vacate:

Plaintiff next contends that the trial court erred in granting defendant's motion to confirm the arbitration award prior to the expiration of the ninety-day period prescribed in G.S. 1-567.13(b). This contention is without merit.

. . . Plaintiff would have us rule that the statute requires the trial court to defer its ruling for the entire ninety-day period even though a motion to vacate has already been filed. There is no support in statutory or case law for plaintiff's position.

AMERICAN NAT'L ELEC. CORP. v. POYTHRESS COMMERCIAL CONTR'RS, INC.

[167 N.C. App. 97 (2004)]

*Id.* Once plaintiff filed a motion to confirm the arbitration award, Insura could have filed a motion to vacate. It chose not to do so. If a trial court does not err in confirming an award while a motion to vacate is pending, then it certainly does not err in granting a motion to confirm when a party has not even filed a motion to vacate.

Finally, Insura contends that the trial court should not have confirmed the arbitration award when neither the trial court nor the arbitrators had addressed plaintiff's receipt of workers' compensation benefits. Plaintiff asserts that Insura never raised this issue with the trial court. Since the record before this Court contains no indication that Insura presented this issue to the trial court, the issue is not properly preserved for review by this Court. N.C.R. App. P. 10(b). We therefore overrule this assignment of error.

Affirmed.

Judges BRYANT and ELMORE concur.