ELEC-TROL, INC., PLAINTIFF v. C. J. KERN CONTRACTORS, INC., DEFENDANT AND THIRD-PARTY PLAINTIFF v. NORTH CAROLINA BAPTIST HOSPITALS, INC., THIRD-PARTY DEFENDANT

No. 8121SC315

(Filed 17 November 1981)

1. Contracts §§ 12.1, 21.2 — construction contract — unambigious terms

   In a construction contract action where plaintiff alleged it was entitled to additional compensation for change orders performed, and the contract provided that the architect would determine the amount of claims for additional cost if the owner and contractor could not agree, as the provision was clear it constituted a final determination of the parties' rights unless plaintiff showed bad faith or failure to exercise honest judgment on the part of the architect. Therefore, where plaintiff did not properly raise the question of bad faith, the trial court did not err in concluding that defendants were entitled to summary judgments on claims that were not approved by the architect in compliance with the terms of the contract and subcontract.

2. Contracts § 21 — recovery under quantum meruit precluded by express contract

   A subcontractor was not entitled to recovery pursuant to a theory of *quantum meruit* where the contract and the subcontract expressly provided that the architect shall determine the amount of adjustment if the owner and contractor cannot agree. An express contract precludes an implied contract with reference to the same subject matter.

APPEAL by plaintiff from *Collier, Judge.* Judgment entered 17 December 1980 in Superior Court, FORSYTH County. Heard in the Court of Appeals 23 October 1981.

Plaintiff and defendant entered into a contract dated 11 April 1973 whereby plaintiff agreed to perform the electrical subcontracting work for an ambulatory care building for third-party defendant. The subcontract between plaintiff and defendant contained language incorporating it into the provisions of the contract between the defendant and the third-party defendant. The terms of the contract between defendant and third-party defendant, which were incorporated by reference into the subcontract between plaintiff and defendant, contained provisions governing the procedure by which claims for additional costs would be resolved, including Section 12.2.1 of the General and Supplementary Conditions which provides that "[i]f the Owner and Contractor cannot agree on the amount of the adjustment in the contract sum, it shall be determined by the Architect."

Plaintiff's complaint and amended complaint allege that plaintiff is entitled to additional compensation for change orders performed resulting from alterations made in the specifications for the work to be performed. Defendant and third-party defendant contend that all sums approved by the architect as proper payment for additional work performed by plaintiff have either been paid or tendered to plaintiff.

The trial court concluded that plaintiff was entitled to be paid for such sums as the architect determined to be due to the plaintiff for additional work performed. As to all other sums alleged by plaintiff to be due for work performed, the trial court concluded that defendant and third-party defendant were entitled to summary judgment because these claims were not approved by the architect in compliance with the terms of the contract and subcontract. From this judgment, plaintiff appealed.

*Adams, Kleemeier, Hagan, Hannah & Fouts by Walter L. Hannah and Bruce H. Connors and Tornow and Lewis by Michael J. Lewis, for the plaintiff-appellant.*

*Brooks, Pierce, McLendon, Humphrey & Leonard by James T. Williams, Jr. and Anthony Brett and Womble, Carlyle, Sandridge & Rice by Roddey M. Ligon, Jr. and Anthony Brett for defendant-appellees.*

MARTIN (Robert M.), Judge.

Plaintiff assigns as error the entry of summary judgment for the defendant and the third-party defendant. It argues that where the parties have not agreed that the architect's decisions are final, the subcontractor may bring an action for payment of certain accepted change order work when changes were ordered by the contractor and the architect either failed to rule on the change order requests or ruled erroneously.

[1] In support of this argument the plaintiff relies on three theories, the first of which is that the contract and subcontract do not provide that the architect's determinations shall be final. We disagree.

The terms of the contract between the defendant and the third-party defendant, which terms were incorporated by reference into the contract between plaintiff and defendant, contained provisions governing the procedures by which claims for additional costs were to be determined. Section 12.2.1 of the General and Supplementary Conditions provided that "[i]f the Owner and the Contractor cannot agree on the amount of the adjustment in the contract sum, it shall be determined by the Architect."

The North Carolina courts have recognized that a provision in a contract, providing for the architect's approval before the contractor can recover compensation on his contract, is binding on the parties. When the contract so provides, the architect's certificate is a condition precedent to the contractor's recovery, absent a showing of bad faith or failure to exercise honest judgment. *J. R. Graham and Son, Inc. v. Board of Education,* 25 N.C. App. 163, 212 S.E. 2d 542, *cert. denied,* 287 N.C. 465, 215 S.E. 2d 623 (1975). In *Heating Co. v. Board of Education,* 268 N.C. 85, 89-90, 150 S.E. 2d 65, 68 (1966) the Court stated as follows:

"In building and construction contracts the parties frequently provide that the completion, sufficiency, classification, or amount of the work done by the contractor shall be determined by a third person, usually an architect or engineer. Such stipulations which, in their origin, were designed to avoid harassing litigation over questions that can be determined honestly only by those possessed of scientific

knowledge, have generally been held valid. This is true even though the architect or engineer is employed by the owner unless unknown to the contractor, he has guaranteed to keep the cost of the work below a certain sum."

. . .

"Although plain language in the contract is required in order to make the decision or certificate of an architect or engineer acting thereunder final and conclusive, it may be stated generally that the decision of the architect or engineer is conclusive as to any matter connected with the contract if the parties, by any stipulation, constitute the architect or engineer the final arbiter of such matter as between the parties. Accordingly, where the contract provides that the work shall be done to the satisfaction, approval, or acceptance of an architect or engineer, such architect or engineer is thereby constituted sole arbitrator between the parties, and the parties are bound by his decision, in the absence of fraud or gross mistake. The same rule applies where it is provided that payments shall be made only upon the certificate of the architect.

"It is also clear that where the parties stipulate expressly or in necessary effect, that the determination of the architect or engineer shall be final and conclusive, both parties are bound by his determination of those matters which he is authorized to determine, except in case of fraud or such gross mistake as would necessarily imply bad faith or a failure to exercise an honest judgment. The reason underlying this rule is that under such circumstances the contract makes the architect or engineer the arbitrator, and his determination can be attacked only in the same manner as that of any other arbitrator. On the other hand, where the stipulations are such that the meaning to be gathered therefrom is that the architect's or engineer's certificate shall not be final, the parties are not bound by the certificate." [Citations omitted.]

In the present case the contract provided that the architect would determine the amount of claims for additional cost if the owner and contractor could not agree. This provision is clear and binding on the parties. Thus it constitutes a final determination of the parties' rights unless plaintiff shows bad faith or failure to ex-

ercise honest judgment on the part of the architect. *J. R. Graham and Son, Inc. v. Board of Education, supra.*

The plaintiff contends that a significant question of fact exists as to the independence of the architect. Neither plaintiff's complaint nor its amended complaint raised this issue. The trial court found as fact that "[t]here are no allegations in the complaint that the architect's determination of the additional amounts due to the plaintiff for additional work done were made as a result of bad faith, gross mistake or fraud, or that the parties waived the requirements of the contract that the architect would make the determination as to the sums to be paid for additional work performed." Because plaintiff did not take exception to this finding of fact, plaintiff cannot raise this issue on appeal to reverse the grant of defendant's motion for summary judgment. Rule 10, N.C. Rules App. Proc.

[2] The plaintiff's final argument is that it is entitled to the reasonable value of its work from the general contractor, Kern, regardless of whether the owner, North Carolina Baptist Hospitals, Inc., paid the contractor. Plaintiff is seeking, in essence, a recovery pursuant to a theory of *quantum meruit.*

An express contract precludes an implied contract with reference to the same subject matter. *Concrete Company v. Lumber Company,* 256 N.C. 709, 124 S.E. 2d 905 (1962). For example, in *Brokers, Inc. v. Board of Education,* 33 N.C. App. 24, 234 S.E. 2d 56, *discr. rev. denied,* 293 N.C. 159, 236 S.E. 2d 702 (1977), a contractor sued to recover the value of work performed by plaintiff in excess of that specified in the written contract between the parties. The written contract provided in part that "The Contract Sum and the Contract Time may be changed only by Change Order." The evidence tended to show that the sum sued for by plaintiff was not authorized by change order. In holding that the plaintiff was not entitled to recover on the theory of *quantum meruit* or implied contract, the Court stated at 33 N.C. App. at 30, 234 S.E. 2d 60 (1977) the following:

"It is a well established principle that an express contract precludes an implied contract with reference to the same matter." *Concrete Co. v. Lumber Co.,* 256 N.C. 709, 713, 124 S.E. 2d 905, 908 (1962). "There cannot be an express and an implied contract for the same thing existing at the same

time. It is only when parties do not expressly agree that the law interposes and raises a promise. No agreement can be implied where there is an express one existing." 66 Am. Jur. 2d, *Restitution and Implied Contract,* § 6, pp. 948, 949.

In the present case the contract and the subcontract expressly provide that the architect shall determine the amount of adjustment if the owner and contractor cannot agree. Plaintiff is bound by the express terms of these contracts.

The material facts involved in this action are not in dispute. The only questions involved in this action are questions of law requiring the interpretation of the contract and the subcontract. These questions were properly resolved by the trial court's grant of defendant's motion for summary judgment.

For the foregoing reasons, the order of the trial court should be

Affirmed.

Judges WEBB and WELLS concur.