CREATIVE HOMES AND MILLWORK, INC., A NORTH CAROLINA CORPORATION, PLAINTIFF v. R. LARRY HINKLE AND MARY HINKLE, DEFENDANTS

No. 9130SC964

(Filed 2 March 1993)

1. **Arbitration and Award § 40 (NCI4th)— deposition of arbitrator—untimely request**

   The trial court did not err in failing to order the deposition of an arbitrator where defendants neither noticed the deposition of the arbitrator nor filed a motion requesting the court to order his deposition. Assuming *arguendo* that defense counsel's statement at the hearing of defendants' motion to vacate the award that "I cannot request but you can order a deposition of [the arbitrator] to just find out what did happen" constituted an oral request for discovery, it was untimely.

   **Am Jur 2d, Arbitration and Award §§ 184, 187.**

2. **Arbitration and Award § 40 (NCI4th)— communication between arbitrator and witness—no misconduct requiring vacation of award**

   An *ex parte* communication between an arbitrator and a witness for the plaintiff did not constitute misconduct requiring vacation of the arbitration award pursuant to N.C.G.S. § 1-567.13(a)(2) where the arbitrator, a contractor, merely asked the witness whether he did any business in the area and gave the witness his business card.

   **Am Jur 2d, Arbitration and Award § 177.**

Appeal by defendants from order entered 25 April 1991 by Judge J. Marlene Hyatt in Jackson County Superior Court. Heard in the Court of Appeals 13 October 1992.

*Robert E. Dungan, P.C., by Robert E. Dungan and Michael E. Smith, for plaintiff-appellee.*

*Safran Law Offices, by Perry R. Safran, for defendant-appellants.*

JOHN, Judge.

Defendants appeal from Judge Hyatt's order confirming an arbitration award requiring payment to plaintiff of $40,086.00 plus interest, costs and expenses for breach of contract. Defendants allege arbitrator misconduct in violation of G.S. § 1-567.13(a)(2) justifying vacation of the award, and further contend error by the court in failing to order the deposition of an arbitrator. We affirm.

On 24 October 1988, plaintiff contracted with defendants for construction of a home in Cashiers, North Carolina. Under the contract, all disputes were to be submitted for arbitration under the rules and regulations of the American Arbitration Association. Problems arose; plaintiff filed a demand for arbitration on 26 September 1989, and thereafter filed suit on 3 November 1989 to enforce and foreclose on a lien in the amount of $77,534.47. By consent order, litigation was stayed pending arbitration.

The arbitration hearing, lasting seven days, was held in September 1990. The parties selected as neutral arbitrators a panel consisting of: Henry Southworth, a general contractor; Joe K. Matheson, Jr., a structural engineer; and John C. Kersten, an attorney. After taking evidence, including viewing photographs and videotapes, and hearing the arguments of counsel for the parties, the panel found that defendants had breached the construction contract and on 22 October 1990 awarded plaintiff $40,086.00 plus interest, costs and expenses.

On 6 November 1990, plaintiff filed a motion for confirmation of the arbitration award pursuant to G.S. § 1-567.12. On 17 January 1991, defendants responded by filing a motion to vacate the award pursuant to G.S. § 1-567.13(a)(2), (3), and (4).

The motions were heard on 27 March 1991. Defendants produced the affidavit of Alfred F. Platt, Jr., an architect who had

testified on their behalf before the arbitration panel, which affidavit provided in pertinent part:

> During a recess in one of the afternoon sessions in Asheville, in the hotel lobby outside the hearing room, just after Avery Ashe, a Creative Homes, Inc. witness, had testified, Henry Southworth, one of the arbitrators, approached Mr. Ashe, who was talking with Clair Knapp, a representative of Creative, and Eddie Ensley, another Creative witness, who had not yet testified, introduced himself, asked Mr. Ashe whether he 'did work in Asheville,' gave Mr. Ashe his business card, and asked him to contact him.

I

[1] We turn first to defendants' argument that the trial court erred in failing to order the deposition of arbitrator Southworth. An arbitrator's deposition may be allowed *"when some objective basis exists for a reasonable belief that misconduct has occurred."* *Carolina-Virginia Fashion Exhibitors, Inc. v. Gunter*, 291 N.C. 208, 218, 230 S.E.2d 380, 387 (1976) (emphasis in original).

Here, defendants neither noticed the deposition of Southworth nor filed a motion requesting the court to order his deposition. In fact, defendants made no mention of taking Southworth's deposition until the court hearing on 27 March 1991. Although the arbitration award was made 22 October 1990, defendants' motion to vacate was not filed until 17 January 1991, and the Platt affidavit in support thereof was not filed until 22 March 1991 (five days prior to the hearing). Defendants, then, had five months either to notice the deposition of Southworth according to Rule 30 of the North Carolina Rules of Civil Procedure or to file a motion with the court, or, if unsure about which course to follow, to make inquiry of the court about the proper procedure to be utilized subsequent to an arbitration hearing.

At the 27 March 1991 hearing, counsel for defendants stated that "I cannot request but you can order a deposition of Mr. Southworth to just find out what did happen, if anything. The case law in North Carolina does not permit me to demand . . . a deposition of Mr. Southworth. It would have to come at this Court's direction." *Gunter*, however, specifically cited in the annotation to G.S. § 1-567.13, suggests an appropriate procedure. The defendants there deposed the arbitrators after "timely notice

of their intention to take the depositions," and then filed their motion to vacate the award. *Id.* at 210-11, 230 S.E.2d at 383.

Rule 10(b) of the North Carolina Rules of Appellate Procedure provides:

> In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion.

Here, no such request, objection or motion was made prior to the hearing. Neither the motion to vacate nor the affidavit of Platt (the only documents filed by defendants during this time span) make any reference to deposing the arbitrator. Assuming *arguendo* that defense counsel's statement at the hearing constitutes an oral request for discovery, it was untimely. Accordingly, this assignment of error is without merit.

II

[2] Defendants also contend that the trial court erred in upholding the arbitration award because arbitrator Southworth's actions in making *ex parte* contact with a witness for the plaintiff constituted misconduct in violation of G.S. § 1-567.13(a)(2). This statute provides:

> (a) Upon application of a party, the court shall vacate an award where:
>
> . . . .
>
> (2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party.

G.S. § 1-567.13(a)(2) (1983).

An arbitration award is ordinarily presumed valid and the burden of proving specific grounds for vacating an award rests on the party attacking it. *Thomas v. Howard*, 51 N.C. App. 350, 353, 276 S.E.2d 743, 745 (1981). The public policy behind this reasoning is sound. "A foundation of the arbitration process is that by mutual consent the parties have entered into an abbreviated adjudicative procedure, and to allow 'fishing expeditions' to search

CREATIVE HOMES AND MILLWORK v. HINKLE

[109 N.C. App. 259 (1993)]

for ways to invalidate the award would tend to negate this policy." *Fashion Exhibitors v. Gunter*, 291 N.C. at 217, 230 S.E.2d at 387.

Defendants rely on the American Arbitration Association's Rules and Code of Ethics in asking this Court to adopt the "appearance of impropriety" standard seemingly enunciated by the United States Supreme Court in *Commonwealth Coatings Corp. v. Continental Casualty Co.*, 393 U.S. 145, 21 L.Ed.2d 301 (1968), *reh'g denied*, 393 U.S. 1112, 21 L.Ed.2d 812 (1969). Rule 29 states that "[t]here shall be no direct communication between the parties and a neutral arbitrator other than at oral hearings . . . ." American Arbitration Association, Construction Industry Arbitration Rules § 29 (1991). Canon II establishes a continuing duty to disclose, at any stage of the arbitration, "[a]ny existing or past financial, business, professional, family or social relationships which are likely to affect impartiality or which might reasonably create an appearance of partiality or bias." American Arbitration Association Code of Ethics, Canon II (1977).

Defendants contend that the *ex parte* communication between Southworth and Ashe constituted "misconduct" warranting vacation of the arbitration award. The contact, however, was trivial. Significantly, Southworth's casual remark was made to a witness and not to a party. *See* Rule 29. The remark itself, moreover, discounts the existence of a past or current relationship of any sort between the two men. *See* Canon II. In addition, at no point in these proceedings has there been allegation that the actions of the arbitrator actually prejudiced defendants. *See* G.S. § 1-567.13(a)(2). Next, this Court has previously considered the U.S. Supreme Court holding in *Commonwealth Coatings* and determined it to be too narrow with respect to the intent and public policy purposes of our North Carolina General Assembly. *Ruffin Woody and Associates, Inc. v. Person County*, 92 N.C. App. 129, 140, 374 S.E.2d 165, 172 (1988), *disc. review denied*, 324 N.C. 337, 378 S.E.2d 799 (1989). "Other jurisdictions that have considered the issue favor disclosure, but the majority view appears to be that an award will not be disturbed where the undisclosed relationship is not substantial." *Id.* at 140, 374 S.E.2d at 172; *see* Annotation, *Setting Aside Arbitration Award on Ground of Interest or Bias of Arbitrators*, 56 A.L.R.3d 697 (1974).

Finally, in those cases in which arbitrator misconduct has led to the vacation of an award, the arbitrators' actions and behavior

have been different in kind and degree from the casual comments of arbitrator Southworth here. *See Fashion Exhibitors v. Gunter*, 291 N.C. at 221-22, 230 S.E.2d at 389 (holding that actions of arbitrators in gathering evidence outside the scheduled hearings and without notice to the parties constituted misconduct sufficient to vacate the award); *Ruffin Woody v. Person County*, 92 N.C. App. at 140-41, 374 S.E.2d at 172 (holding that arbitrator's failure to disclose his prior business dealings with defendant some twenty years earlier did not amount to misconduct); *Wildwoods of Lake Johnson Associates v. L. P. Cox Co.*, 88 N.C. App. 88, 92-94, 362 S.E.2d 615, 618-19 (1987), *disc. review denied*, 322 N.C. 838, 371 S.E.2d 285 (1988) (holding that uncouth, sarcastic and critical comments by arbitrators during the hearing amounted to misconduct under G.S. § 1-567.13 sufficient to vacate the award); *Turner v. Nicholson Properties, Inc.*, 80 N.C. App. 208, 211, 341 S.E.2d 42, 44, *disc. review denied*, 317 N.C. 714, 347 S.E.2d 457 (1986) (holding that arbitrator's appearance as expert witness for clients of opposing counsel's former law firm was insufficient to establish an objective basis for believing the arbitrator was biased); and *In re Arbitration Between State and Davidson & Jones Construction Co.*, 72 N.C. App. 149, 154-55, 323 S.E.2d 466, 469-70 (1984), *disc. review denied*, 313 N.C. 507, 329 S.E.2d 396 (1985) (holding that arbitrators were not guilty of misconduct by receiving evidence from one party and using it in their deliberations when it was not properly before them).

Defendants have failed to carry their burden of proving that the arbitrator was partial, corrupt or acted in a way constituting misconduct, thus prejudicing the rights of defendants. This assignment of error, therefore, fails.

### III

In its brief, plaintiff asserts two arguments that this case is not properly before this Court. We have considered each carefully and find them to be without merit.

The order of the trial court is affirmed.

Judges EAGLES and ORR concur.