WILLIAM C. VICK CONSTRUCTION COMPANY, Movant Appellant/Appellee v. NORTH CAROLINA FARM BUREAU FEDERATION, Respondent Appellant/Appellee

No. COA95-964

(Filed 2 July 1996)

**1. Arbitration and Award § 40 (NCI4th)— failure of arbitrator to disclose relationships—denial of Rule 59 motion error**

The trial court erred in denying plaintiff contractor's Rule 59 motion to alter/amend judgment, or in the alternative, to open judgment where the sole arbitrator did not disclose numerous social, business, and professional relationships with partners in the law firm representing defendant owner; these relationships were not merely trivial in nature; and the relationships were likely to affect impartiality or reasonably create an appearance of partiality or bias. N.C.G.S. § 1-567.13(a)(2).

**Am Jur 2d, Alternative Dispute Resolution §§ 234 et seq.**

**Time for impeaching arbitration award. 85 ALR2d 779.**

**Refusal of arbitrators to receive evidence, or to permit briefs or arguments, on particular issues as grounds for relief from award. 75 ALR3d 132.**

**What constitutes corruption, fraud, or undue means in obtaining arbitration award justifying avoidance of award under state law. 22 ALR4th 366.**

**2. Arbitration and Award § 40 (NCI4th)— deposition of arbitrator—no error**

The trial court did not err in allowing plaintiff to depose the arbitrator where the trial court's basis for believing that misconduct had occurred was confirmed by evidence that the arbitrator had failed to disclose numerous relationships with counsel for one of the parties.

**Am Jur 2d, Alternative Dispute Resolution §§ 234 et seq.**

**Time for impeaching arbitration award. 85 ALR2d 779.**

**Refusal of arbitrators to receive evidence, or to permit briefs or arguments, on particular issues as grounds for relief from award. 75 ALR3d 132.**

**What constitutes corruption, fraud, or undue means in obtaining arbitration award justifying avoidance of award under state law. 22 ALR4th 366.**

Appeal by movant and respondent from orders entered 27 March 1995 and 19 May 1995 by Judge Jerry R. Tillett in Wake County Superior Court. Heard in the Court of Appeals 24 April 1996.

*Wyrick, Robbins, Yates & Ponton, L.L.P., by J. Anthony Penry, and Ware, Snow, Fogel & Jackson & Greene, P.C., by David A. Dial, for movant appellant/appellee.*

*Nicholls & Crampton, P.A., by W. Sidney Aldridge and Burns, Day & Presnell, P.A., by Daniel C. Higgins, for respondent appellee/appellant.*

WYNN, Judge.

Movant William C. Vick Construction Company ("Vick"), appeals the trial court's order denying its motion to alter/amend judgment, or in the alternative, to open judgment. Additionally, respondent North Carolina Farm Bureau Federation ("Farm Bureau") appeals the trial court's order allowing Vick to depose the arbitrator. We reverse and remand in part and affirm in part.

In 1993, a dispute arose during the construction of an addition to the Farm Bureau's headquarters between Vick, the general contractor, and Farm Bureau, the owner. The construction contract required the parties to submit their disputes to arbitration administered by the American Arbitration Association ("AAA").

To arbitrate the dispute, AAA appointed Attorney Mark C. Kirby who upon appointment, disclosed the following:

I know and have worked with counsel for both Parties. I also know Mr. Aldridge [a partner in the law firm representing Farm Bureau] socially. Such relationships will not affect my ability to render a fair and impartial determination in this proceeding.

Prior to the hearing, Vick objected to Mr. Kirby's appointment because of his relationship with the parties' counsel. AAA, however, overruled the objection and the hearing proceeded.

At the conclusion of the arbitration hearing, Mr. Kirby rendered an award in favor of Farm Bureau. After the arbitration, Vick learned that Mr. Kirby had been indicted for racketeering, mail fraud, bank fraud, and impeding the function of a United States government agency. (Mr. Kirby later pled guilty to fraudulent billing). Vick also learned of undisclosed relationships with Farm Bureau's counsel.

Vick moved to vacate the arbitration award and gave notice of its intention to depose Mr. Kirby and to conduct additional discovery. Farm Bureau moved for a protective order. Judge Narley Cashwell granted the protective order and prohibited Vick from taking the deposition of Mr. Kirby. Subsequently, Judge Jerry R. Tillett denied Vick's motion to vacate.

Thereafter, pursuant to N.C. Gen. Stat. § 1A-1, Rule 59 (1990), Vick moved to alter/amend judgment, or in the alternative, to open judgment. On 27 March 1995, the trial court rejected Vick's contention that the guilty plea of Mr. Kirby amounted to corruption in the arbitrator which would justify the court vacating the arbitration award. The trial court did, however, agree to open its judgment and allow Vick to depose Mr. Kirby.

Following the taking of this deposition, Judge Tillett reviewed the transcript and denied Vick's motion to alter/amend judgment, or in the alternative, to open judgment. Vick and Farm Bureau both appealed.

---

The issues on appeal are (I) whether the newly discovered evidence by Vick warranted a granting of its Rule 59 motion, and (II) whether the trial court erred in allowing Vick to depose Mr. Kirby. We find that Vick is entitled to Rule 59 relief and that the trial court properly allowed Vick to take Mr. Kirby's deposition.

I.

[1] Vick contends that the trial court erred by denying its Rule 59 motion to alter/amend judgment, or in the alternative, to open judgment. Rule 59 provides that "[a] new trial may be granted to all or any of the parties and on all or part of the issues . . ." and that "[o]n a motion for a new trial . . . the court may open the judgment . . ., take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." A new trial may be granted on all or part of the issues for any of the following causes or grounds:

(1) Any irregularity by which any party was prevented from having a fair trial;

(2) Misconduct of the jury or prevailing party;

(3) Accident or surprise which ordinary prudence could not have guarded against;

(4) Newly discovered evidence material for the party making the motion which he could not, with reasonable diligence, have discovered and produced at the trial;

. . .

(8) Error in law occurring at the trial and objected to by the party making the motion; or

(9) Any other reason heretofore recognized as grounds for new trial.

N.C.R. Civ. P. 59.

In this case, Vick argues that because of newly discovered evidence about Mr. Kirby's indictments and ultimate guilty plea for fraudulent billing, and his undisclosed relationships with counsel for Farm Bureau, the arbitration award should be vacated under the Uniform Arbitration Act, N.C. Gen. Stat. § 1-567.13(a)(2) (1983), which provides in pertinent part:

(a) Upon application of a party, the court shall vacate an award where:

. . .

(2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party . . . .

In *Ruffin Woody & Assoc. v. Person County*, 92 N.C. App. 129, 139, 374 S.E.2d 165, 171 (1988), *cert. denied*, 324 N.C. 337, 378 S.E.2d 799 (1989), this Court held that an arbitrator has an affirmative duty to disclose any prior dealings with a party. Furthermore, failure to disclose prior dealings could lead to a finding of "evident partiality" on the part of an arbitrator and require that an arbitration award be vacated. *Id.* at 139, 374 S.E.2d at 172; *see also* Canon II of the Code of Ethics for Arbitrators in Commercial Disputes (requiring arbitrators to disclose "[a]ny existing or past financial, business, professional,

WILLIAM C. VICK CONSTRUCTION CO. v. N.C. FARM BUREAU FEDERATION

[123 N.C. App. 97 (1996)]

family or social relationships which are likely to affect impartiality or which might reasonably create an appearance of partiality or bias").

In the case *sub judice*, the record on appeal indicates that Mr. Kirby did not disclose numerous prior dealings with partners in the firm representing Farm Bureau. In Mr. Kirby's deposition, he revealed the following relationship with Stephani Humrickhouse, a partner in the firm:

1. He had known Ms. Humrickhouse since his first year in law school;

2. Ms. Humrickhouse dated Mr. Kirby's housemate;

3. Mr. Kirby and Ms. Humrickhouse were in the same legal fraternity;

4. Mr. Kirby was friends with Ms. Humrickhouse's husband, called him by his first name, knew about his allergies and characterized him as "one of the funniest human beings on the face of the earth";

5. Mr. Kirby and Ms. Humrickhouse went to dinner together and attended football games together;

6. Mr. Kirby and Ms. Humrickhouse exchanged gifts at the birth of their children and their children played together;

7 Mr. Kirby's wife travelled to New York and stayed with Ms. Humrickhouse at her parents' home;

8. Mr. Kirby and Ms. Humrickhouse had a mutual friend, Howard Kahn, who was an associate at Mr. Kirby's law firm;

9. Mr. Kirby admitted that Ms. Humrickhouse referred cases to his firm. The cases were referred to his associate, Howard Kahn;

10. Ms. Humrickhouse appeared on Mr. Kirby's behalf during proceedings in the criminal case brought against Mr. Kirby and she also wrote a letter on Mr. Kirby's behalf for the U.S. District Court's consideration when determining the sentence to be imposed upon Mr. Kirby.

Additionally, Mr. Kirby disclosed his prior dealings with Gregory Crampton, another partner in the firm representing Farm Bureau. Mr. Kirby revealed, among other things, that Mr. Crampton considered serving as an expert witness on Mr. Kirby's behalf in the criminal proceedings against him and met with Mr. Kirby's criminal defense attor-

ney a few times, and that Mr. Crampton appeared at a detention hearing to testify on behalf of Mr. Kirby during the criminal proceedings.

Based on the foregoing, we find that Mr. Kirby, the sole appointed arbitrator, did not disclose numerous social, business, and professional relationships with partners in the law firm representing Farm Bureau, except for his description of his relationship with Mr. Aldridge. Additionally, we find that these relationships were likely to affect impartiality or reasonably create an appearance of partiality or bias. We also note that the relationships involved in the case before us are not merely trivial in nature. *See Creative Homes and Millwork v. Hinkle*, 109 N.C. App. 259, 426 S.E.2d 480 (1993) (holding that an arbitration award must be vacated if an arbitrator fails to disclose any relationship which is not merely trivial in nature). Indeed, Mr. Kirby had significant business relationships and friendships with Farm Bureau's counsel.

Because of Mr. Kirby's failure to affirmatively disclose these relationships, the trial court erred in not granting Vick's Rule 59 motion. We therefore reverse and remand.

II.

[2] Farm Bureau contends that the trial court erred in allowing Vick to depose Mr. Kirby.

Where an objective basis exists for a reasonable belief that misconduct has occurred, the parties to the arbitration may depose the arbitrators relative to that misconduct and such depositions are admissible in a proceeding under N.C.G.S. § 1-567.13 to vacate an award. *Fashion Exhibitors v. Gunter*, 291 N.C. 208, 219, 230 S.E.2d 380, 388 (1976), *appeal after remand*, 41 N.C. App. 407, 255 S.E.2d 414 (1979).

Here, the trial judge in his order allowing the deposition of Mr. Kirby, found as a fact that evidence of the earlier disclosed relationships between Mr. Kirby and counsel for Farm Bureau did not "constitute evidence of a substantial undisclosed relationship." However, the court further found that, "if after the conclusion of these discovery efforts, there is [other] evidence of a substantial undisclosed relationship, . . . the Court will consider that evidence to determine if its earlier judgment should be altered and/or amended." Thereafter, the trial court's objective basis for believing that misconduct had occurred was confirmed by the discovery of numerous undisclosed relationships between Mr. Kirby and counsel for Farm Bureau. Thus,

we find that it was proper for Vick to depose the arbitrator. We therefore affirm this portion of the trial court's order.

For the foregoing reasons, the trial court's order is,

Reversed and remanded in part, affirmed in part.

Judges JOHNSON and WALKER concur.